**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MEDICAL ASSOCIATES OF ERIE,**  )<br>            Plaintiff,                                       )<br>                                                                )<br>                                                                )<br>            v.                                                  )<br>                                                                )<br>                                                                )<br>                                                                )<br>**MICHAEL B. ZAYCOSKY, D.O.,**       )<br>            Defendant.                                   ) | C.A. No. 1:20-cv-71<br><br><br>RE: Motion to Remand<br>        ECF No. 4 |

**MEMORANDUM OPINION**

U.S. D.J. Susan Paradise Baxter

**RELEVANT PROCEDURAL HISTORY**

  This action was originally filed by Medical Associates of Erie ("MAE") in the Erie County Court of Common Pleas. Defendant Michael Zaycosky removed the action from the Court of Common Pleas to this federal court based on diversity jurisdiction.

  According to the complaint, Plaintiff MAE entered into a written agreement with Defendant Dr. Zaycosky to subsidize his three-year residency in dermatology in consideration for his promise to commit to practicing dermatology in Erie, Pennsylvania for a specific time period. *See* ECF No. 1-1. Rather than return to Erie to practice dermatology at the end of his residency program, Dr. Zaycosky set up shop in the metropolitan Atlanta area. MAE brings two separate counts: breach of contract and unjust enrichment. MAE seeks **either** specific performance on the breach of contract claim or monetary damages of $361,800 on the unjust enrichment claim.

1

Plaintiff MAE seeks a remand of this matter to the Court of Common Pleas. *See* ECF No. 4. Defendant Dr. Zaycosky opposes a remand. ECF No. 7. MAE has filed a reply brief. ECF No. 9. The motion to remand has been fully briefed and is ripe for disposition by this Court.[1]

**JURISDICTION AND REMOVAL**

Any civil action brought in state court can generally be removed by a defendant to federal district court under the general removal statute: 28 U.S.C. § 1441.[2] A notice of removal must contain a short and plain statement of the grounds on which federal jurisdiction is based. That statement must allege underlying facts supporting all requirements. *See* 28 U.S.C. § 1446; Fed.R.Civ.P. 8(a)(1); *In re Com.'s Mot to Appoint Counsel Against or Directed to Def. Ass'n. of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015). A defendant retains the overall burden to show by the preponderance of the evidence that subject matter jurisdiction exists and removal is proper. *Martincic v. A.O. Smith Corp.,* 2020 WL 5850317, at *1–2 (W.D. Pa. Oct. 1, 2020). Additionally, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) *quoting Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Being that the parties are citizens of Pennsylvania and Georgia and the amount in controversy exceeds $75,000, Defendant's removal is based on diversity jurisdiction. Dr.

---

[1] Dr. Zaycosky seeks dismissal of this action altogether. ECF No. 2. However, the parties stipulated to suspend briefing on the motion to dismiss until after the disposition of the motion to remand. *See* ECF No. 8.

[2] The requirements for filing a notice of removal under 28 U.S.C. § 1446 parallel the pleading requirements of Federal Rule of Civil Procedure 8(a)(1).

Zaycosky has satisfied his burden to show that this Court has subject matter jurisdiction and MAE offers no contrary argument.

As the basis for its motion to remand, MAE points to the forum selection clause of the written agreement which provides that "[t]he Court of Common Pleas of Erie County, Pennsylvania, shall have jurisdiction over any dispute which *arises under this Agreement* and each of the parties shall submit and hereby consents to such Court's exercise of jurisdiction." *See* ECF No. 5-1, page 11 (italics added). MAE argues that the forum selection provision is very clear and it should not even be a "close call" for this Court to determine that the case should be remanded to the Court of Common Pleas. ECF No. 5, page 2. This Court agrees.

The parties memorialized their express intention that any claim *"arising under the agreement"* be brought in the Court of Common Pleas of Erie County. In support of their respective positions on the motion to remand, Dr. Zaycosky would have this Court interpret this language narrowly to apply only to any contractual claim arising under the agreement[3], while MAE advances a broader approach to the same language.

Dr. Zaycosky contends that the unjust enrichment claim does not arise under the agreement because an unjust enrichment claim, by its very nature, only arises where an agreement does not create an enforceable contract. In this regard, Dr. Zaycosky is correct; unjust enrichment is an equitable remedy and "[w]here unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred." *Pittsburgh*

---

[3] Dr. Zaycosky argues both that this Court should remand the entire case or, alternatively, remand the breach of contract claim only. This Court will not sever these two claims from each other as such could end with inconsistent results in two different courts. Moreover, the breach of contract and unjust enrichment claims here are inextricably intertwined with each other.

3

*Logistics Sys., Inc. v. Cox Logistics LLC*, 2021 WL 811394, at *6 (W.D. Pa. Mar. 3, 2021) *quoting  Schenck v. K.E. David, Ltd*., 666 A.2d 327, 328 (Pa. Super. Ct. 1995). An unjust enrichment[4] claim based on a theory of quasi-contract may, as here, be pled as an alternative to a breach of contract claim. *Whitaker v. Herr Foods, Inc.,* 198 F. Supp. 3d 476, 493 (E.D. Pa. 2016) *citing  Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 n. 5 (2009). Such a quasi-contract theory is "typically invoked ... when [the] plaintiff seeks to recover from [the] defendant for a benefit conferred under an unconsummated or void contract." *Id. quoting Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir.1999).

      Here, both the breach of contract claim and the unjust enrichment claim arise under the written agreement. Without pre-judging the validity of the contract as a whole, or whether severability is at play, this Court will enforce the forum selection clause of the agreement. *See Atlantic Marine Const. Co. v. U.S. District Court for the Western Dist. of Texas*, 517 U.S. 49, at (2013) (holding that forum selection clauses are presumptively valid and "[t]he party defying the forum selection clause … bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.") This matter will be remanded to the Court of Common Pleas.

---

[4] Under Pennsylvania law, a plaintiff must show the existence of "[1] benefits conferred on defendant by plaintiff, [2] appreciation of such benefits by defendant, and [3] acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Pittsburgh Logistics Sys., Inc. v. Cox Logistics LLC*, 2021 WL 811394, at *6 (W.D. Pa. Mar. 3, 2021) *quoting  Schenck v. K.E. David, Ltd*., 666 A.2d 327, 328 (Pa. Super. Ct. 1995). Unjust enrichment is an equitable remedy, and "[w]here unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred." *Id*.

**ATTORNEYS' FEES**

In the event that it succeeds on its motion to remand, MAE requests attorneys' fees and costs "incurred in prosecuting this otherwise unnecessary motion." ECF No. 4, page 1. MAE may make a fully supported motion for attorneys' fees with accompanying documents within thirty days.

An appropriate Order follows this Memorandum Opinion.